IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TOMMY LEE SELLERS, #195181, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CASE NO. 3:08-CV-553-TMH [WO] |
| | ) |
| TROY KING, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### **ORDER**

On July 23, 2010, the Magistrate Judge filed a Recommendation in this case. (Doc. # 14.) Petitioner Tommy Lee Sellers filed a timely objection, which was received and docketed on August 5, 2010. (Doc. # 15.) Mr. Sellers objects to the Magistrate Judge's recommendation that relief be denied on his 28 U.S.C. § 2254 petition challenging his state jury-trial conviction for reckless manslaughter. Based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636(b)(1), the objection is due to be overruled and the Recommendation adopted.

The Recommendation addresses Mr. Sellers's claims (1) that the state failed to prove that the victim's head injuries resulting from Mr. Sellers's attack were the proximate cause of the victim's death, given the intervening time that elapsed between the attack and the death, and Mr. Sellers's theory that the victim suffered a subsequent attack by a third party before dying, and (2) that the trial court erred in denying a motion for a mistrial based upon a state witness's testimony that Mr. Sellers previously had been in prison. Applying the

correct standard of review (*see* Doc. # 14, at 3-5), the Magistrate Judge rejected both claims. First, the Magistrate Judge concluded that "a rational trier of fact could have found, beyond a reasonable doubt, that Sellers's attack on the victim was the proximate cause of the victim's death and that Sellers 'recklessly cause[d] the death of another person,' in violation of § 13A-6-3(a)(1), Ala. Code 1975." (Doc. # 14, at 9.) That conclusion was based upon the Magistrate Judge's review of the record regarding the specifics of the attack, the medical treatment received by the victim, and the pathologist's report that the victim died of "blunt force trauma to the head," as well as the absence of evidence to support Mr. Sellers's theory of a subsequent third-party attack. (Doc. # 14, at 5-9.) Second, the Magistrate Judge ruled that the fundamental fairness of the trial was not jeopardized when the state trial court denied the motion for a mistrial: The offending testimony neither was intentionally elicited nor extensive, and was followed by a curative instruction and polling of the jury. There also was other substantial evidence supporting the conviction. (Doc. # 14, at 11-12.)

Objecting to the Recommendation, Mr. Sellers makes four arguments. First, he contends that, after the trial judge received the verdict of not guilty on the murder charge, the prosecutor "whispered in [the trial judge's] ear," and the trial judge then sent the jury "back to the jury room to come up with a verdict on manslaughter not named in the indictment." (Doc. # 15, at 1-2.) Mr. Sellers argues that "[m]anslaughter could not be a lesser included offense of murder after the jury came back from deliberation and the verdict was not guilty of murder." (Doc. # 15, at 2.) Second, Mr. Sellers argues that the jury was not advised of

2

manslaughter, nor was the lesser included offense of manslaughter "ever mention[ed] until after the verdict was in." (Doc. # 15, at 2.) Third, Mr. Sellers contends that "there was no room for a lesser included offense mention before the jury verdict to charge a new offense that was not mention[ed] in the indictment." (Doc. # 15, at 2.) Fourth, Mr. Sellers restates his contention that he was entitled to a mistrial based upon the jury hearing testimony that he previously had been in prison. (Doc. # 15, at 3.) For the reasons to follow, the objections lack merit.[1]

Mr. Sellers's first and second objections are not supported by the transcript of the state court trial proceedings. The transcript reflects that, prior to jury deliberations, the trial judge instructed the jury on the elements of murder and on the elements of the lesser included offense of manslaughter. (Trial Tr. 309-11 (Doc. # 9-6).) Also, prior to the jury's deliberations, the trial judge explained the verdict forms to the jurors. (Trial Tr. 315, 317.) In particular, he told the jurors that if they found Mr. Sellers not guilty of murder, then they should "go on to consider the charge of manslaughter." (Trial Tr. 317.) After deliberations, the jury foreperson announced that the jury had found Mr. Sellers not guilty of murder, but guilty of manslaughter, and each member of the jury was polled. (Trial Tr. 325-27; *see also* Verdict (Doc. # 9-1).) It is clear from the transcript that the jury was not sent back to

---

[1] While the objections fail on their merits, Mr. Sellers's claim that a lesser included offense on manslaughter was not proper, as embodied in his first three objections, also fails because it was not raised in his § 2254 habeas petition. (*See* Pet. 3-4); *see, e.g., Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

deliberate on the manslaughter offense after it had rendered its verdict of not guilty on the murder charge.[2] Based upon the record of the state court trial proceedings, Mr. Sellers's first and second objections are due to be overruled.

As to the third objection, it "has long been the law that a person indicted for a specific offense can be convicted of a lesser included offense," and, "[t]herefore, the defendant is on notice as to all the elements of the included offense that he must defend against." *Ex parte Washington*, 448 So. 2d 404, 407 (Ala. 1984). To the extent that Mr. Sellers argues that he cannot be convicted on a lesser included offense that is not explicitly charged in the indictment, that objection lacks merit. In fact, Mr. Sellers specifically requested and was granted a charge on the lesser included offense of assault, which also was not expressly contained in the indictment. (Trial Tr. 268-72.) Moreover, an instruction on a lesser included charge is not improper simply because a defendant objects to it, as did Mr. Sellers. (Trial Tr. 268-69.) *See Harbin v. State*, 14 So. 3d 898, 908 (Ala Crim. App. 2008) (holding that "a trial court may, either sua sponte or at the request of the State, instruct the jury on a

---

[2] The transcript provides:

> THE COURT: If you would, please stand and read the jury's verdict as to the charge of murder first, please?
> THE FOREMAN: Your Honor, we, the jury, find the Defendant, Tommy Lee Sellers, Senior, not guilty of the offense of murder as charged in the indictment.
> THE COURT: If you'll read the verdict form then as to the charge of manslaughter?
> THE FOREMAN: Your Honor, we, the jury, find the Defendant, Tommy Lee Sellers, Senior, guilty of the offense of manslaughter as a lesser included offense of murder as charged in the indictment.

(Trial Tr. 325-26.) After the verdict was read, and the jury polled, the jury was excused from service in Mr. Sellers's case. (Trial Tr. 326-27.)

lesser-included offense that is supported by the evidence, even over the objection of one or both of the parties").

As to the fourth objection, the arguments mirror those previously raised and addressed in the Recommendation. That objection lacks merit for substantially the same reasons set forth in the Magistrate Judge's Recommendation.

Accordingly, it is ORDERED that

1. Mr. Sellers's objection (Doc. # 15) is OVERRULED.

2. The Recommendation (Doc. # 14) is ADOPTED.

3. The Petition for Writ of Habeas Corpus (Doc. # 1) filed by Mr. Sellers is DENIED.

4. This action is DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this 5th day of October, 2010.

    /s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE